Minute Order Form (06/97)

JS-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 518 | DATE | 1/29/2001 |
| CASE TITLE | Azza International vs. Gas Research Institute, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Both the Complaint and this action are dismissed for lack of subject matter jurisdiction. This dismissal moots the application of Azza's counsel for pro hac vice admission to the bar of this District Court.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | **JAN 30 2001** date docketed | 2 |
| ✗ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | MW docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SN | courtroom deputy's initials | 01 JAN -9 PM 4:02 Date/time received in central Clerk's Office | 1/29/2001 date mailed notice SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AZZA INTERNATIONAL CORPORATION, )
                                )
              Plaintiff,         )
                                )
     v.                          )   No. 01 C 518
                                )
GAS RESEARCH INSTITUTE, et al.,  )
                                )
              Defendants.        )

DOCKETED
JAN 3 0 2001

## MEMORANDUM OPINION AND ORDER

Azza International Corporation ("Azza") has instituted this action against three named and 100 (!) unnamed defendants, purporting to invoke federal jurisdiction on diversity grounds under 28 U.S.C. §1332.[1] Because the effort by Azza's counsel to establish such jurisdiction is fundamentally flawed in more than one respect, this Court sua sponte dismisses the Complaint and this action for lack of subject matter jurisdiction.

Azza's counsel has pushed the right jurisdictional buttons as to his own client (Complaint ¶3) and as to corporate defendant Gas Research Institute (Complaint ¶4) by identifying both facets of their respective corporate citizenships under Section 1332(c)(1). But as for the two named individual defendants, Jeffrey Savidge and Thomas Roose, Complaint ¶¶5 and 6 speak only of their places of <u>residence</u>, although by definition it is their states of <u>citizenship</u> that are the relevant facts for diversity

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

of citizenship purposes. On that score our Court of Appeals consistently teaches what it has put succinctly in Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998), quoting Guaranty Nat'l Title Co. v. J.E.G. Assocs., 101 F.3d 57, 59 (7th Cir. 1996):

> Of course, allegations of residence are insufficient to establish diversity jurisdiction. It is well-settled that "[w]hen the parties allege residence but not citizenship, the court must dismiss the suit."

If that were all, this Court might be inclined to defer the dismissal on the premise that although the statuses of residence and citizenship do not necessarily coincide, the greater likelihood is that the Complaint's flaw in that respect is readily curable. But the California practitioner who represents California-based corporation Azza has also chosen to follow a pattern that this Court recognizes as often practiced in that state: Both the caption and Complaint ¶7 also include the 100 "Doe" defendants as targets.

That may work in the California state court system, but it simply will not do in the environment of a federal court's limited jurisdiction. Indeed, Congress has chosen to address that very subject expressly in the removal context by providing that "the citizenship of defendants sued under fictitious names shall be disregarded" in considering the removability of an action instituted in a state court (Section 1441(a)). But the very enactment of that provision, while not issuing the same prescription as to lawsuits originally filed in the federal

2

courts,[2] really confirms that what this Court said nearly two decades ago in John Hancock Mut. Life Ins. Co. v. Central Nat'l Bank, 555 F.Supp. 1026 (N.D. Ill. 1983) remains good law today (indeed, Azza's counsel might have known better, because John Hancock pointed to Ninth Circuit authority in holding that the inclusion of unidentified defendants destroys potential diversity).

In the subject matter jurisdictional game, even one strike is out, and here Azza's counsel has managed to swing and miss more than once. As stated at the outset of this opinion, both the Complaint and this action are dismissed for lack of subject matter jurisdiction.[3]

                                         _____
                                         Milton I. Shadur
                                         Senior United States District Judge

Date: January 29, 2001

---

    [2] Contrast Section 1332(a)'s silence on that score with the express provision in Section 1441(a).

    [3] This dismissal moots the application of Azza's counsel for pro hac vice admission to the bar of this District Court.

3