Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 518 | **DATE** | 4/24/2001 |
| **CASE TITLE** | Azza International Corp. vs. Gas Research Institute, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. All three existing Answers are physically stricken from the court file, but with leave granted to defense counsel to file, in this Court's chambers on or before May 3, 2001, a single consolidated Amended Answer on behalf of all three defendants.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | APR 24 2001 date docketed | |
| | Notified counsel by telephone. | | | 19 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 4/24/2001 date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AZZA INTERNATIONAL CORPORATION, )
)
Plaintiff, )
)
v. ) No. 01 C 518
)
GAS RESEARCH INSTITUTE, et al., )
)
Defendants. )

**DOCKETED**

**APR 2 4 2001**

<u>MEMORANDUM OPINION AND ORDER</u>

All three defendants in this commercial lawsuit brought by Azza International Corporation ("Azza")--Gas Research Institute ("GRI"), Jeffrey Savidge ("Savidge") and Thomas Roose ("Roose")--are jointly represented by the same Chicago law firm. Yet their common counsel have inexplicably filed three separate Answers to Azza's First Amended Complaint ("FAC") when one would obviously do--and, indeed, would do better. And that is really aggravated by the fact that defense counsel sought and were granted an added four weeks to file a responsive pleading, affording them plenty of opportunity to give the matter appropriate thought.

Even apart from (1) the disrespect for the environment that is signaled by that waste of paper plus (2) the substantially less informative nature of such multiple pleadings (on the latter score, it is of course far easier for Azza's counsel and this Court to identify any areas of divergence among the defendants from a single answer than to be compelled to leaf back and forth

among three pleadings), the Answers are deficient in several other respects. For the reasons stated in this memorandum opinion and order, all three Answers are ordered stricken from the files, to be supplanted promptly by a single joint Amended Answer.

To begin with, each of the present pleadings does violence to the mandate of Fed. R. Civ. P. ("Rule") 8(b), which requires that <u>all</u> allegations in a complaint must be answered, denied or made the subject of a deemed denial under the auspices of the second sentence of that Rule, by declining to answer various allegations on the premise that they "are not directed against this Defendant."[1] But no lawyer or party has the authority under Rule 8(b) to decide that is so--and even if such authority had been granted by the Rule's drafters (as it has not), that characterization is plainly incorrect in this instance (as it would almost always be for the same reason):

1. Each count of the FAC that seeks relief against any defendant begins by incorporating by reference the first 20 paragraphs of the FAC (see Count One ¶21, Count Two ¶24 and Count Three ¶27, each part of a claim asserted against GRI, and Count Four ¶30 and Count Five ¶35, each part of a claim asserted against both Savidge and Roose).

2. Each defendant's Answer matches that recital with a

---

[1] Among numerous other instances, see, e.g., GRI's Answer ¶5 and Savidge's and Roose's Answers ¶4.

corresponding incorporation by reference of the answers (in this instance non-answers) to the same FAC paragraphs.

3. Hence each defendant has wholly failed to answer various paragraphs of the FAC that are, both in fact and expressly, directed against him or it. Defense counsel's self-determination is thus not only lacking in authority but is outright wrong.

As might perhaps have been expected from such careless inattention, there are other flaws in each Answer that require correction. For example, there is no way in which GRI and its counsel can, in the exercise of the objective good faith demanded by Rule 11, deny all of the allegations in FAC ¶8--several of the allegations there (for example, certainly the fourth and last sentences and perhaps the third) almost surely ought to be admitted. In like manner, it is highly doubtful that GRI can conscientiously deny (as it purports to do) virtually all of the allegations in FAC ¶¶9, 10 and 11.

It is not the role of this Court to do counsel's job in that regard, and this opinion does not attempt to do so by providing chapter and verse as to all of the inappropriate denials. Instead this Court expects that defendants' Amended Answer will be far more meticulous in specifying exactly which allegations of the FAC are and which are not being put into issue, thus avoiding needless time and effort on Azza's part in having to prove undisputed

3

matters.

GRI's Answer ¶14 provides another example of impermissible pleading, this time in two respects. For one thing, no pleader can leave its opponent and the court in the dark by employing the locution of "den[ying] any allegations that are contrary to the language contained in" a cited document, without identifying the assertedly faithless allegations. And that is compounded by the equally impermissible statement that a document "speaks for itself"--see App. ¶3 of <u>State Farm v. Riley</u>, 2001 WL 185486.

This recital of the numerous pleading flaws in the existing Answers will stop at this point. Again it is after all counsel's job, and not this Court's, to perform the work called for by Rule 8(b) in the fashion compelled by Rule 11. Instead all three existing Answers are physically stricken from the court file, but with leave granted to defense counsel to file, in this Court's chambers on or before May 3, 2001, a single consolidated Amended Answer on behalf of all three defendants.[2]

_____
Milton I. Shadur
Senior United States District Judge

Date: April 24, 2001

---

[2] No charge is to be made to defendants by their counsel for the added work and expense incurred in correcting counsel's own errors. Defense counsel are ordered to apprise their clients to that effect by letter, with copies to be transmitted to this Court's chambers as an informational matter (not for filing).

4